UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROSIE ROLON,

                    Plaintiff,

              -against-

CITY OF NEW YORK; Police Officer KYLE SLATER, Shield No. 9805; Sergeant JOSEPH IMPERATRICE, Shield No. 3504; Police Officer ROBERT GALARZA, Shield No. 18301; Police Officer KEN LEI, Shield No. 8735; Police Officer CARLOS DELGADO, Shield No. 24694; Police Officer SANDRO CHIARLITTI, Shield No. 3356; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                    Defendants.
------------------------------------------------------------------x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15 CV 8614 (KPF)

## NATURE OF THE ACTION

1.    This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States, and Section 14-151 of the Administrative Code of the City of New York.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the claims brought pursuant to the Administrative Code of the City of New York because they are so related to plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Rosie Rolon is a resident of New York County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Kyle Slater, Shield No. 9805 ("Slater"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Slater is sued in his individual and official capacities.

10. Defendant Sergeant Joseph Imperatrice, Shield No. 3504 ("Imperatrice"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Imperatrice is sued in his individual and official capacities.

11. Defendant Police Officer Robert Galarza, Shield No. 18301 ("Galarza"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Galarza is sued in his individual and official capacities.

12. Defendant Police Officer Ken Lei, Shield No. 8735 ("Lei"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Lei is sued in his individual and official capacities.

13. Defendant Police Officer Carlos Delgado, Shield No. 24694 ("Delgado"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Delgado is sued in his individual and official capacities.

14. Defendant Police Officer Sandro Chiarlitti, Shield No. 3356 ("Chiarlitti"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Chiarlitti is sued in his individual and official capacities.

15. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

16. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

17. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

18. On June 14, 2015 at approximately 9:00 p.m., Ms. Rolon was lawfully present in the vicinity of 38 Jefferson Street in New York, New York.

19. Ms. Rolon was sitting near her home in a beach chair, enjoying a summer evening with a friend, Heriberto, who was drinking a beer.

20. Ms. Rolon's friend Heriberto is an elderly man who ambulates with a cane. Ms. Rolon is in her sixties.

21. Ms. Rolon was not drinking or committing any crime or offense.

22. Suddenly, five police officers aggressively approached and surrounded Ms. Rolon and Heriberto.

23. As captured on surveillance video, moments later, after additional officers arrived on the scene, defendants violently pushed Ms. Rolon against a security gate.

24. After using further excessive force against Ms. Rolon, defendants placed her under arrest, put her in a police vehicle and took her to a precinct.

25. At the precinct, the officers falsely informed employees of the New York County District Attorney's Office that they had observed plaintiff drink alcohol, resist arrest and possess a controlled substance.

26. In reality, Ms. Rolon complied with the officers' unreasonable demands and was lawfully prescribed the medication in her possession.

27. Ms. Rolon was taken to Manhattan Central Booking, also known as the Tombs.

28. After spending approximately 24 hours in custody, Ms. Rolon was arraigned and released on her own recognizance.

29. Ms. Rolon was obligated to return to Court and retained private counsel at significant expense.

30. The criminal charges were ultimately adjourned in contemplation of

dismissal.

31. Upon information and belief, defendants took law enforcement action with regard to Ms. Rolon based solely on her actual and/or perceived race, religion, national origin and/or ethnicity.

32. Ms. Rolon suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, pecuniary loss and damage to her reputation.

## FIRST CLAIM
### Unreasonable Force

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

35. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### Denial of Constitutional Right to Fair Trial

36. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37. The individual defendants created false evidence against plaintiff.

38. The individual defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

39. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

40. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### Failure to Intervene

41. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity

prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

43. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

44. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
### Bias-Based Profiling

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. In initiating law enforcement action against Ms. Rolon based on her actual and/or perceived race, ethnicity, religion and/or national origin rather than Ms. Rolon's behavior or other information linking her to suspected unlawful activity, the defendant officers engaged in bias-based profiling in violation of Section 14-151(c)(i) and (ii) of the Administrative Code of the City of New York.

47. Accordingly, Ms. Rolon is entitled to injunctive and declaratory relief, along with reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) An order enjoining defendants from engaging in further bias-based profiling against plaintiff;

(d) A declaration that plaintiff has been subjected to discrimination through bias-based profiling by defendants;

(e) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(f) Such other and further relief as this Court deems just and proper.

Dated:      March 14, 2016
            New York, New York

HARVIS & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@civilrights.nyc

*Attorneys for plaintiff*